ARTIE COOPER et al., Respondents, v. J. O. McFAR-
LEN et al., Defendants; J. M. WAMPLER, Ap-
pellant.

St. Louis Court of Appeals. Argued and Submitted June 4, 1914.
Opinion Filed June 20, 1914.

1. **PARTNERSHIP: Existence of Relation: Sufficiency of Evidence.** In an action against defendant as a member of a copartnership, evidence *held* sufficient to warrant a finding that such relation existed.

2. ——: ——: **Instructions.** In an action against defendant as a member of a copartnership, defended on the theory that such relation did not exist, *held* that, while the instructions given for plaintiff, which covered the case under the evidence, were not free from technical objections, yet the giving of them did not constitute reversible error, in view of the fact that the instructions given for defendant practically cured such technical objections.

3. **INSTRUCTIONS: Technical Errors: Cure.** Where instructions given for plaintiff cover the case under the evidence, the fact that they are vulnerable to technical objections will not work a reversal, where the instructions given for the adverse party practically cure such objections.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C.
Walker,* Judge.

AFFIRMED.

*Wammack & Welborn* and *W. L. Tucker* for appellant.

No brief filed for respondent.

REYNOLDS, P. J.—Plaintiffs, partners, brought their action against J. O. McFarlen, W. E. Morgan and J. M. Wampler, averring that defendants were partners doing business under the name and style of McFarlen & Company, and that under that firm name

they had executed their promissory note in favor of plaintiffs for the sum of $274.32, payable a year after date, with interest at eight per cent per annum; that beyond the payment of $17.40 on account of the note it had not been paid. Judgment is prayed for the balance with interest and costs.

Defendants McFarlen and Morgan, although duly served with process, failed to appear or plead, whereupon default was noted against them. Defendant Wampler, after a general denial, answered that he was not a member of the firm of McFarlen & Company at the time the alleged note was made; that he had no connection with the making of it, or with the transactions out of which the making of it grew, and denied that he was in any way liable for the payment of the note or any part of it. To this a reply was filed, and the cause went to trial against Wampler alone.

At a trial before the court and a jury, a verdict was returned against Wampler for the amount of the balance on the note with interest, and judgment followed against all three of the defendants. From this the defendant Wampler, after filing a motion for a new trial, duly perfected his appeal to this court.

Here the appellant assigns three grounds of error. First, to the action of the court in overruling the demurrer interposed by defendant Wampler at the close of plaintiffs' case and again at the close of the whole case. Second, error of the court in giving to the jury instructions numbered 1 and 2 at the instance of plaintiffs. Third, error of the court in overruling appellant's motion for a new trial.

Taking up the first assignment, we hold it is not tenable. There was evidence from which the jury might find that appellant was a member of the firm at the time of the transaction and of the giving of the note. The transaction out of which the note grew was a sale of certain property, and there was evidence tending to show on the one hand that Wampler was

then a member of the firm, and on the other hand that he was not then a member of the firm; was in no way a party to the deal, nor to the making of the note; so that we cannot say that the demurrer to the evidence should have been sustained.

The two instructions given at the instance of plaintiffs, and on which error is assigned, are as follows:

"1. The court instructs the jury that the conduct of persons may make them liable as partners to third parties trading with them, when in reality between themselves there is no partnership, and the main question in controversy is not whether J. O. McFarlen, W. E. Morgan and J. M. Wampler were in reality partners trading under the name of McFarlen & Company, but whether they so acted, so held themselves out, so carried on the business, as to induce third persons to trade with them as partners, and if you find from the testimony that the business was conducted in the firm name of McFarlen & Company, that just prior to the giving of the note herein sued on that the firm consisted of J. O. McFarlen, W. E. Morgan and J. M. Wampler, that no notice of the dissolution was ever given, and that plaintiffs, Cooper & Cooper, had no notice of the dissolution of the partnership and no notice of any facts which should bring such knowledge to them upon proper inquiry, then your verdict must be for the plaintiffs and you will assess their damages at the sum of $295.26.

"2. The court instructs the jury that the conduct of persons may make them liable to third persons as partners when in reality there is no partnership, and that the main question in controversy is not whether J. O. McFarlen, W. E. Morgan and J. M. Wampler were in reality partners trading and doing business as merchants under the name of McFarlen & Company, but whether they so acted, so carried on the business, as to induce third persons to look on them as partners and trade with them as partners, and in this connec-

tion the court instructs you that there is a marked distinction between partnerships. as respects the public and partnerships · as respects the parties; and a person may be held liable as a partner to third persons, although the agreement does not create a partnership as between the parties themselves and they cannot by arrangements among themselves control their responsibility to others, and if you find from the evidence that the business was conducted in the firm name of Mc-Farlen & Company, that no notice of the dissolution was given, and that the plaintiffs, Cooper & Cooper, had no notice of the dissolution, if any there was, and that at the time or immediately prior thereto McFarlen & Company consisted of J. O. McFarlen, W. E. Morgan and J. M. Wampler, then your verdict must be for the plaintiffs."

Defendant Wampler admits that he was a partner on September 6, the notes being dated September 20, 1909. While technical objection may be made to these instructions, they covered the case as in evidence and the instruction given at the instance of appellant practically cured these. errors. We find no reversible error.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.*, concur.